IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,682-01






EX PARTE GLENN PALMER, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER 01-04-9603 IN THE 24TH JUDICIAL

DISTRICT COURT DEWITT COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to the third-degree felony offense of injury to a child, and the
trial court sentenced him to confinement for seven years. There was no direct appeal.

 In this application for a writ of habeas corpus, it appears that Applicant claims his due
process rights were violated when the Texas Board of Pardons and Paroles did not provide
him notice of his review date for release to mandatory supervision, which was subsequently
denied. Thus, he alleges that he is being held in violation of the law.

 The Board's decision to deny Applicant's release to mandatory supervision is not
subject to judicial review by this Court. See Tex. Gov't Code § 508.149(d); Ex parte
Geiken, 28 S.W.3d 553, 557 (Tex. Crim. App. 2000). The procedures used by the Board in
reaching its decision, however, may be reviewed due to the statute's creation of a limited
expectation of release. Id. at 559. 

 Due process requires that the Board provide Applicant with timely notice that he will
be considered for release prior to the review taking place. Id. at 560. As this Court has stated, 
"An inmate is entitled to notice of the specific month and year in which he will be reviewed
for release on mandatory supervision." Ex parte Retzlaff, 135 S.W.3d 45, 50 (Tex. Crim.
App. 2004). Moreover, an inmate "must be given at least thirty days advance notice that he
will be reviewed in the specified month so that he has a sufficient opportunity to submit
materials on his behalf." Id. 

 Due process does not require, though, that an inmate receive a live hearing before the
Board. Ex parte Geiken, 28 S.W.3d at 559. "If release is denied, the inmate must be
informed in what respects he falls short of qualifying for early release" Id. Finally, "[d]ue
process does not require that the Board provide the particulars in the inmate's file upon which
it rested the decision to deny release." Id. 

 Here, the trial court has not made findings of fact or conclusions of law regarding
Applicant's claims, and it is this Court's opinion that additional information is needed before
this Court can render a decision. Because this Court cannot hear evidence, Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum. 

 The trial court shall resolve this issue as set out in Article 11.07, Section 3(d), of the
Texas Code of Criminal Procedure, in that it shall order the Parole Division of the Texas
Department of Criminal Justice to file an affidavit, with supporting documentation,
addressing Applicant's grounds for relief. The trial court may also order depositions,
interrogatories, or hold a hearing. In the appropriate case, the trial court shall rely on its
personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall make findings of
fact and conclusions of law regarding whether Applicant was given proper notice of his
review for release to mandatory supervision under the discretionary mandatory supervision
statute as required under this Court's decision in Ex parte Retzlaff, 135 S.W.3d at 45. The
trial court may make any further findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's application for habeas corpus relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: January 25, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.